Kevin J. Leichter, Esq. (SBN 154143)
THE LEICHTER FIRM, A Professional Corporation
10203 Santa Monica Boulevard
Fourth Floor
Los Angeles, California 90067
Tel: 310.229.0000
Fax: 310.229.1299
Email: kleichter@theleichterfirm.com

Attorneys for Plaintiff
  DOLORES PRESS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| DOLORES PRESS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BOBBI JONES, an individual; and DOES 1 through 10; <br><br> Defendants. | CASE NO.  5:16-cv-00333 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Dolores Press, Inc. ("Plaintiff"), as and for its Complaint in this action against defendant Bobbi Jones ("Defendant") and DOES 1 through 10, alleges as follows:

## SUMMARY OF ALLEGATIONS

1.      Defendant has knowingly, willfully, and maliciously engaged in infringement of copyrights exclusively licensed to Plaintiff.  At the heart of this matter is the legacy of Dr. Gene Scott ("Dr. Scott"), an influential and beloved minister with a dedicated worldwide following.  Upon his passing, Dr. Scott left all rights to his intellectual property, including the copyright in and to his teachings, to his wife, Pastor Melissa Scott ("Pastor Scott"), and said rights have been exclusively licensed to Plaintiff.

2.      Defendant was aware of Dr. Scott's publicly expressed desire that Pastor Scott continue his ministry.  Defendant was aware of Plaintiff's copyright rights in the recordings of Dr. Scott and, later, Pastor Scott.  Nonetheless, Defendant has chosen to post and display the teachings of Dr. Scott (all of which are the subject of copyright), including via the website domata.weebly.com.  Defendant chose to display and disseminate illegal copies of Dr. Scott's sermons knowing that Pastor Scott held the copyright and Plaintiff held the exclusive license.

3.      Defendant's infringement has caused irreparable injury to Plaintiff.  Plaintiff will continue to suffer irreparable injury if Defendant is not enjoined from further copying and distribution of the Works.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action for copyright infringement under the Copyright Act, 17 U.S.C. section 101, *et seq*.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338.

6.      This Court has personal jurisdiction over Defendant because: (1) Defendant purposefully directed her actions toward this forum knowing that

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1   Plaintiff would suffer injury in this forum, and (2) the claims herein arise out of

2   Defendant's forum-related activities.

3         7.      Venue is proper pursuant to 28 U.S.C. section 1400 inasmuch as

4   Defendant can be "found" in this District because she has purposefully directed her

5   activities toward Plaintiff in this District with knowledge that injury would be

6   suffered in this District, and because she is a resident of this District.

7                         **PARTIES**

8         8.      Plaintiff Dolores Press, Inc. ("Dolores Press" or "Plaintiff") is a

9   California Corporation doing business in California.  Plaintiff is the exclusive

10  licensee of all of the pertinent intellectual property rights of Pastor Melissa Scott,

11  including the rights of Pastor Scott in and to the registered copyrights that

12  Defendant has infringed on listed in **Exhibit A** and the pending copyright

13  registration applications that Defendant has infringed upon listed in **Exhibit B**, both

14  attached hereto (the "Works"), which are the subject of this lawsuit, and the

15  registered trademark "Dr. Gene Scott," United States Patent and Trademark Office

16  Registration Number 3757067 (the "Mark" and, collectively with the Works, the

17  "Intellectual Property").

18        9.      As alleged in further detail below, Pastor Melissa Scott is the heir,

19  legatee, and/or devisee of the Intellectual Property, having received all rights of the

20  author, her late husband, Dr. Gene Scott, in his last will and testament.

21        10.     On information and belief, Defendant is an individual residing in the

22  County of Riverside in the State of California.

23        11.     Plaintiff further alleges that each of the defendants herein identified as

24  DOES 1 through 10 inclusive, is and at all times relevant to this action was, the

25  agent, employee, representative, manager, and/or supervisor of the remaining

26  defendants and was acting within the course and scope of said relationship.  Plaintiff

27  further alleges that each of the defendants herein identified as DOES 1 through 10

28  inclusive, gave consent to, ratified, and authorized the acts alleged herein below of

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1  each of the remaining defendants and/or conspired with each of the remaining

2  defendants in the perpetration of the acts complained of herein.  Plaintiff further

3  alleges that each of the defendants herein identified is responsible and liable to

4  Plaintiff in some manner for the acts and occurrences herein complained.  Plaintiff

5  will amend this Complaint to allege their true names and capacities when

6  ascertained.

## FACTS

### Rights in the Works

9  12.    Dr. Scott was an influential and beloved minister.  For decades, Dr.

10  Scott transmitted his sermons via cable, broadcast and satellite television, which

11  sermons were simultaneously recorded, and thereby became works of authorship

12  fixed in a tangible medium of expression under the subject matter of copyright.  Dr.

13  Scott's ministry spread worldwide, reaching hundreds of thousands of devoted

14  followers.  In each broadcast, a copyright notice was prominently displayed, giving

15  notice to viewers of the copyright in the works.

16  13.    Beginning in the late 1990s, Dr. Scott provided access to videos of his

17  sermons over the Internet through his website www.drgenescott.com.  The sermons

18  were available to play through an Internet media player such as Real Player or

19  Windows Media, which were, as a practical matter, the only options for displaying

20  video on the Internet at the time.

21  14.    Both the website and the recorded materials prominently displayed a

22  notice of Dr. Scott's copyright.  Dr. Scott encouraged his congregation to enjoy the

23  sermons and to share the message of Dr. Scott's teachings, but did not authorize

24  downloading of the sermons for distribution or public dissemination or performance.

25  A screenshot of the notice of Dr. Scott's copyright from VF-1302 is attached hereto

26  as **Exhibit C**.

### Dr. Scott Grants Plaintiff Dolores Press Licensing Rights in the Intellectual Property

COMPLAINT FOR COPYRIGHT INFRINGEMENT

15.     On August 14, 1995, Dr. Scott entered into a written license agreement with Dolores Press (the "Dr. Scott License Agreement").  A true and correct copy of the Dr. Scott License Agreement is attached hereto as **Exhibit D**.  Pursuant to that agreement, Dr. Scott granted Dolores Press "the exclusive right to market, sell, protect, disseminate, publish and republish, broadcast and rebroadcast, copy, and distribute throughout the world such of Dr. Gene Scott's literary and audio-visual works as he, in his sole discretion, may from time to time chose to deliver to Dolores Press, Inc."

**16.**     As was the case with the copyright notices affixed to each of the works, this license evidenced Dr. Scott's assertion of copyright in and to the works and his claim of ownership.

**Dr. Scott Passes Away and Transfers His Rights in the Intellectual Property to Pastor Melissa Scott**

17.     Dr. Scott married Melissa Scott in 2000.  In 2004, he publicly stated that he never thought he would find a person "exactly like me" but that "God gave me Melissa."  However, Dr. Scott had found more than just a soul mate, he had found a person united in and dedicated to the ministry.  Melissa Scott was ordained by the ministry and became "Pastor Scott."

18.     As he neared the end of his life, Dr. Scott contemplated the continuation of the ministry.  He publicly stated, "This church is lucky that Melissa came along."  Dr. Scott's support of Pastor Scott was unequivocal.  He publicly proclaimed Pastor Scott as his sole choice for the "perpetuation of this ministry," "the next pastor . . . choice is made . . . end of discussion."  Dr. Scott praised Pastor Scott for her "sheer, plain, raw brain power" and stated, "I've never met a person as smart as my wife."

19.     Dr. Scott died on February 21, 2005.  Consistent with his publicly expressed wishes, he left his ministry in the hands of Pastor Scott.  Dr. Scott bequeathed all of his rights in the Works to Pastor Scott, who was a minister in her

own right, having been ordained in 1998.  A true and correct copy Dr. Scott's last will and testament (the "Will") is attached hereto as **Exhibit E**.  Specifically, Dr. Scott's Will states: "I give the residue of my estate . . . and specifically including but not limited [to] all copyrights related to my teaching, whether in print form, in audio form, in video form, on DVD, or on any other form of publication (whether available now or in the future), to my wife is she survives me, outright and free of trust."

20.    Again, by means of his will, Dr. Scott evidenced his claim of copyright in and to the works and ownership therein.

**Pastor Melissa Scott Grants Plaintiff Dolores Press Licensing Rights in the Intellectual Property**

21.    Following Dr. Scott's death, and having received his rights by testamentary transfer, on March 7, 2005, Pastor Melissa Scott entered into a license agreement with Dolores Press (the "Pastor Scott License Agreement").  A true and correct copy of the Pastor Scott License Agreement is attached hereto as **Exhibit F**.  The Pastor Scott License Agreement grants Dolores Press "a revocable, exclusive, worldwide, royalty-free . . . right and license . . . to reproduce, distribute copies of, publish, sell, distribute, display, broadcast and transmit the Licensed Works [defined as 'All audio and visual works of Dr. Gene Scott and Pastor Melissa Scott'] . . . and . . . to use the Marks [defined to include 'Dr. Gene Scott®'] only in connection with Licensee's copying, publishing, selling, distributing, displaying, broadcasting, and transmitting of the Licensed Works."

22.    Currently, Plaintiff sells copies of certain of the Works for a fee.  It is and always has been Pastor Scott's goal to collect and organize the majority of Dr. Scott's sermons and writings to make his teachings more accessible to followers of the ministry.  In furtherance of this endeavor, Pastor Scott granted an exclusive license to all rights in the Works to Plaintiff with the intention that Plaintiff would catalog and index the Works, which number in the thousands.  Plaintiff has invested

1   a substantial amount of time and money in the project.  In addition to the monetary

2   expense, a group of dedicated individuals has devoted hundreds of hours of love and

3   labor to the project.  Defendant's infringement is in derogation of the efforts of

4   Plaintiff to preserve and promote the teachings of Dr. Scott as embodied in the

5   Works, and in derogation of its right to control the exercise of the exclusive rights

6   granted copyright owners under Section 106 of the Copyright Act.

7   **Defendant Infringes Plaintiff's Rights in the Works and Encourages Others to**

8   **Do the Same**

9   23.    On or around September 8, 2015, Defendant and Scott McNabb

10  ("McNabb") had a conversation on a Facebook group board wherein McNabb

11  expressed interest in posting Dr. Scott videos in his possession.  Defendant

12  supported McNabb's desire to post the videos, and offered to help him do so,

13  indicating that she had already done so for "several" other people.

14  24.    On the same message board thread, another individual, Richard J. Hull,

15  Jr., stated that Defendant had filled a flash drive full of Dr. Scott's teachings for him

16  on a prior occasion.

17  25.    On or around September 30, 2015 Defendant posted on a Facebook

18  group board:  "Several months ago I was blessed to receive some 'early Doc' audio

19  messages from one of our group members who will remain anonymous and since it

20  was in a zip file and I'm not the most computer literate and didn't know how to

21  share them without sharing the whole file which would expose the person that

22  shared this file, I just let it sit in my computer without bothering any further, but just

23  this morning, I decided to revisit this file and I clicked on extract just to see if it

24  would extract the file and it worked, so now I'm able to share them on my onedrive

25  for anyone interested and it won't cause any harm to the one who sent them to me.

26  It's always nice to hear messages of Doc that we haven't heard before."

27  26.    Over the next few days, Defendant posted numerous mp4 files of Dr.

28  Scott's teachings, including those titled "Secret 5 – Communion and Presentation at

Sunset Mausoleum 1990.mp4," "More Pyramid Teaching.mp4," "More teaching on the Pyramid.mp4," and "Giving.mp4."

27.    Defendant has also, on numerous occasions, posted other of the Works and encouraged others to share, upload, and repost the Works.

28.    On information and belief, Defendant continues to disseminate her illegal copies of the Works.

29.    Plaintiff is entitled to injunctive relief for Defendant's willful, intentional, and purposeful copying and distribution of the Works for her own benefit with full knowledge that such use was without the permission of Plaintiff and an infringement of Plaintiff's rights.

**Defendant's Website Unlawfully Shares, Displays, and Distributes the Works**

30.    On information and belief, Defendant owns and operates the website domata.weebly.com (the "Website").

31.    The Website contains a staggering number of infringements of Dr. Scott's Works.  The Website organized the Works into four overarching categories: The Mysteries of the Universe, The Revealing of Truth, The Message of Truth, and More. A true and correct copy of a screen capture of the Website showing the categories of the Works included is attached hereto as **Exhibit G.**

32.    Each of the categories contains a large number of subcategories, each of which, in turn, contains a large number of the Works.  True and correct copies of screen captures of the Website showing the subcategories within the categories of the Works included is attached hereto as **Exhibit H.**  For example, "The Message of Truth" category includes the following subcategories:  Basic Christianity, Romans 1, Faith, Giving Gods Way, Communion, God is my Refuge, Old Testament, Mothers Day/Nitro Pill Messages, Bible Characters, Ephesians, Galatians, Hebrews, James, Phillipians, Pastoral Nuggets, The Resurrection of Jesus Christ, Uncommon Man, Messages of G. Campbell Morgan, Bible and Church History Volume 1, Bible and Church History Volume 2, Bible and Church History Volume 3, Bible and

Church History Volume 4, and Bible and Church History Volume (Conclusion).

33.    Further, each of the subcategories includes numerous of Dr. Scott's works shared and made available without Plaintiff's permission.  For example, "Old Testament" contains 68 of the Works.  If consistent across each category, the website would include hundreds of infringing copies of the Works.

34.    By way of example, "S-4457 MYSTERIES & WONDERS: Why The Builders Imposed Such Exacting Precision on The Great Pyramid," copyright registration number PA0001952498, is a talk given by Dr. Gene Scott on September 22, 1996.  This talk was shared, posted, and/or distributed through the Website in the site's Mysteries of the Universe Vol. 7 section.

35.    Many other works, for which Pastor Melissa Scott holds valid copyright registrations, were also shared, posted, and/or distributed through the Website, including copyright registration numbers: PA0001950082, PA0001950086, PA0001950087, PA0001950088, PA0001950089, PA0001950090, PA0001950091, PA0001950092, PA0001950095, PA0001950096, PA0001950099, PA0001950101, PA0001950102, PA0001950103, PA0001950104, PA0001950105, PA0001951744, PA0001951746, PA0001952461, PA0001952462, PA0001952464, PA0001952465, PA0001952466, PA0001952467, PA0001952469, PA0001952471, PA0001952473, PA0001952476, PA0001952477, PA0001952479, PA0001952481, PA0001952482, PA0001952484, PA0001952493, PA0001952494, PA0001952500, PA0001952902, PA0001952910, PA0001952911, PA0001952915, PA0001952916, PA0001952917, PA0001952918, PA0001952919, PA0001952920, PA0001952922, PA0001953510, PA0001953511, PA0001953513, PA0001953514, PA0001953515, PA0001953516, PA0001953517, PA0001953518, PA0001953519, PA0001953622, PA0001953625, PA0001953626, PA0001953627, PA0001953628, PA0001953632, PA0001953634, PA0001953635, PA0001953636, PA0001953639, PA0001953640, PA0001953641, PA0001954440, PA0001954441, PA0001954442, PA0001954443, PA0001954444, PA0001954445, PA0001954446, PA0001954448, PA0001954477,

COMPLAINT FOR COPYRIGHT INFRINGEMENT

PA0001954479, PA0001954480, PA0001954537, PA0001954542, PA0001954543, PA0001954544, PA0001954545, PA0001954547, PA0001954548, PA0001954549, PA0001954550, PA0001954552, PA0001954553, PA0001955845, PA0001955846, PA0001955847, PA0001955848, PA0001955850, PA0001955852, PA0001955855, PA0001955856, PA0001955857, PA0001955858, PA0001955860, PA0001955861, PA0001955862, PA0001955863, PA0001955864, PA0001955865, PA0001955866, PA0001955867, PA0001955872, PA0001955876, PA0001955878, PA0001955879, PA0001955880, PA0001955881, PA0001955882, PA0001955883, PA0001955885, PA0001955886, PA0001955993, PA0001955994, PA0001955995, PA0001955996, PA0001955997, PA0001956004, PA0001956008, PA0001956011, PA0001956013, PA0001956015, PA0001956018, PA0001957500, PA0001957506, PA0001957881, PA0001957883, PA0001957884, PA0001957885, PA0001957886, PA0001957887, PA0001957888, PA0001957889, PA0001957890, PA0001957892, PA0001957893, PA0001957894, PA0001957895, PA0001957897, PA0001957910, PA0001960200, PA0001960202, PA0001960204, PA0001960205, PA0001960206, PA0001960207, PA0001960209, PA0001960211, PA0001960213, PA0001960214, PA0001960216, PA0001960217, PA0001960219, PA0001960220, PA0001960221, PA0001960223, PA0001960224, PA0001960225, PA0001960226, PA0001960228, PA0001960229, PA0001960232, PA0001960233, PA0001963056, PA0001963057, PA0001963059, PA0001963065, PA0001963069, RE 931-515, RE 931-956, RE 931-959, RE 931-960, PA0001969284, PA0001969275, PA0001969277, PA0001969263, PA0001969261, PA0001969258, PA0001969276, PA0001968485, PA0001968747, PA0001968748, PA0001968752, PA0001968490, PA0001968793, PA0001968496, PA0001968797, PA0001968794, PA0001968471, PA0001968474, PA0001968790, PA0001968559, PA0001968557, PA0001968799, PA0001968699.

36.     Defendant also shared, posted, and/or distributed Works for which copyright applications are currently pending, including "S-1203 Debunking Traditions of Christmas The Mystery of Avebury," one of Dr. Scott's talks from

1   October 15, 1982.

2         37.     Defendant also shared, posted, and/or distributed many other Works for

3   which copyright applications are pending, identified herein by document number

4   (included in the description on each copyright application), including LFH-17, LFH-

5   42, LFH-44, LFH-50, LFH-60, LFR-158, LFR-191, LFR-208, S-1005, S-1055, S-

6   1071, S-1077, S-1136, S-1228, S-1229, S-1260/61, S-1265/66, S-1267/68, S-1269-

7   70, S-1271, S-1288/89, S-1294, S-1298, S-1302, S-1319, S-1355, S-1363, S-1372,

8   S-1402, S-1418, S-1509, S-1510, S-1550, S-1568, S-1593, S-1718, S-1744, S-1755,

9   S-1798, S-1803, S-1805, S-1807, S-1808, S-1810, S-1811, S-1812, S-1817, S-1818,

10   S-1819, S-1820, S-1823, S-1824, S-1825, S-1826, S-1829, S-1830, S-1831, S-1834,

11   S-1835, S-1837, S-1838, S-1839, S-1842, S-1858, S-1859, S-1860, S-1868, S-1873,

12   S-1874, S-1884, S-1891, S-1925, S-1980, S-1982, S-1994, S-2010, S-2017, S-2022,

13   S-2033, S-2075, S-2076, S-2077, S-2079, S-2294, S-2307, S-2320, S-2323, S-2343,

14   S-2345, S-2346, S-2350, S-2358, S-2439, S-2440, S-2441, S-2444, S-2569, S-2708,

15   S-2744, S-2747, S-3123, S-3620, S-3622, S-3630, S-3639, S-3650, S-3654, S-3689,

16   S-3827, S-4250, S-4254, S-4410, S-4411, S-4450, S-4714, S-4903, S-971, S-997,

17   VF-080, VF-084, VF-085, VF-086, VF-087, VF-093, VF-098, VF-1, VF-1010, VF-

18   1018, VF-105, VF-1094, VF-1138, VF-128, VF-162, VF-166, VF-168, VF-169,

19   VF-1C, VF-227, VF-25, VF-270, VF-287, VF-300, VF-30A, VF-333, VF-345, VF-

20   346, VF-363, VF-374, VF-375, VF-399, VF-410, VF-44, VF-443, VF-461, VF-470,

21   VF-518, VF-551, VF-579, VF-582, VF-583, VF-593, VF-603, VF-609, VF-61, VF-

22   62, VF-63, VF-65, VF-66, VF-676, VF-823, VF-963, VF-987, VF-995, VF-998.

23         38.     Plaintiff's protection of its copyright rights in the Works for which

24   copyright applications are still pending is actionable, as the Ninth Circuit has held

25   that "receipt by the Copyright Office of a complete application satisfies the

26   registration requirement of § 411(a)." *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*

27   (9th Cir. 2010) 606 F.3d 612, 621 (vacating and reversing dismissal against

28   copyright claimant based on pending status of copyright applications).

COMPLAINT FOR COPYRIGHT INFRINGEMENT

39.     On information and belief, Defendant infringed several hundred of the registered copyrights in the Works.

40.     Further, on information and belief, Plaintiff believes that Defendant is also posting, sharing, and/or distributing others of the Works elsewhere on the internet.

41.     Plaintiff is entitled to injunctive relief for Defendant's willful, intentional, and purposeful copying and distribution of the Works and infringement of the Mark for their own benefit with full knowledge that such use was without the permission of Plaintiff and an infringement of Plaintiff's rights.

## COUNT I

## COPYRIGHT INFRINGEMENT

## (17 U.S.C. §§ 106 & 501)

42.     Plaintiff realleges and incorporates by reference all of the allegations set out in Paragraphs 1 through 41 of this Complaint as if set forth fully herein.

43.     Plaintiff is, and at all times alleged herein has been, the copyright licensee of exclusive rights under United States copyright with respect to the copyright rights to the Works.  The Works that have been registered with the United States Copyright Office and have been infringed by Defendant are listed in **Exhibit A** attached hereto. The Works that currently have copyright registrations pending and have been infringed by Defendant are listed in **Exhibit B** attached hereto.

44.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the works registered under the Copyrights.

45.     At all relevant times, Defendant was aware of Plaintiff's exclusive rights to the works registered under the Copyrights.

46.     Without the permission of Plaintiff, Defendant has distributed and, on information and belief, continues to distribute the works registered under the Copyrights, and/or has made the works registered under the Copyrights available for

1 | distribution to others. In doing so, Defendant has violated Plaintiff's exclusive
2 | rights of reproduction and distribution. Defendant's actions constitute infringement
3 | of Plaintiff's copyrights and exclusive rights under copyright.

4 |    47. The foregoing acts of infringement have been willful and intentional, in
5 | disregard of and with indifference to the rights of Plaintiff.

6 |    48. As a direct and proximate result of the foregoing wrongful acts of
7 | Defendant, Plaintiff has suffered and will continue to suffer irreparable injury for
8 | which there is no adequate remedy at law. Plaintiff is, therefore, entitled to
9 | injunctive relief prohibiting Defendant from distributing or copying the registered
10 | Works.

11 |    49. As a direct and proximate result of Defendant's wrongful and
12 | intentional acts, Plaintiff is entitled to statutory damages of $150,000 pursuant to 17
13 | U.S.C. section 504(c)(2) for each act of infringement.

14 | **<u>PRAYER FOR RELIEF</u>**

15 | WHEREFORE, Plaintiff prays as follows:

16 |   1. For judgment in favor of Plaintiff and against Defendant;

17 |   2. Against Defendant, for an injunction providing in substance:

18 |     Defendant shall be and hereby are enjoined from
19 |     directly or indirectly infringing Plaintiff's rights
20 |     under federal or state law in the works registered
21 |     under the Copyrights and any work, whether now in
22 |     existence or later created, that is owned or controlled
23 |     by Plaintiff (or any parent, subsidiary, or affiliate of
24 |     Plaintiff) ("Plaintiff's Works"), including without
25 |     limitation by using the Internet or any online media
26 |     distribution system to reproduce (i.e. download) any
27 |     of Plaintiff's Works, to distribute (i.e. upload) any
28 |     of Plaintiff's Works, or to make any of Plaintiff's

1                       Works available for distribution to the public, except

2                       pursuant to a lawful license or with the express

3                       authority of Plaintiff.  Defendant shall also destroy

4                       all copies of Plaintiff's Works that Defendant has

5                       downloaded onto any computer hard drive or server

6                       without Plaintiff's authorization and shall destroy all

7                       copies of those downloaded recordings transferred

8                       onto any physical medium or device in Defendant's

9                       possession, custody, or control.

10       3.     For an award of actual or statutory damages against Defendant for each

11 infringement pursuant to 17 U.S.C. section 504;

12       4.     For an award of Plaintiff's costs, including reasonable attorneys' fees;

13 and

14       5.     For and such other or further equitable or legal relief as the Court may

15 deem just and proper.

16

17 Dated:  February 24, 2016                THE LEICHTER FIRM,

18                                    A Professional Corporation

19

20

21                                    _____

22                                    Kevin J. Leichter, Esq.

23                                    Attorneys for Plaintiff
                                     DOLORES PRESS, INC.

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1

## <u>DEMAND FOR JURY</u>

2

Plaintiff hereby demands a trial by jury of all claims so triable.

3

4   Dated: February 24, 2016                    THE LEICHTER FIRM,

5                                               A Professional Corporation

6

7

8   _____

9                                               Kevin J. Leichter, Esq.

10                                              Attorneys for Plaintiff
                                                   DOLORES PRESS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT